UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PAUL FELTON BATISTE | CIVIL ACTION NO. 07-0727 |
| VS. | SECTION P |
| MADISON PARISH SHERIFF'S OFFICE | JUDGE JAMES |
| ET AL. | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Paul Felton Batiste on March 22, 2007.[1] When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He was incarcerated at the Madison Parish Detention Center (MPDC), Talullah, Louisiana and he complained of unsanitary conditions of confinement and exposure to second hand tobacco smoke at that facility. Plaintiff was released from custody on May 16, 2007. [doc. 8, p. 2; doc. 9] He named Madison Parish Sheriff Larry Cox and MPDC Warden Shivers as defendants. He prayed only for injunctive relief asking for "... medical treatment to be examined at Madison Parish Sheriff Office expense from the cigarette smoke and the unsanitized [sic] condition of this building. Plus for the suffering ... pain that these conditions have given me."

This matter has been referred to the undersigned for review, report, and recommendation.

---

[1] Plaintiff's complaint, signed February 23, 2007 [doc. 1-1, p. 6], was accompanied by a cover letter dated March 8, 2007 [doc. 1-1, p. 9] and was received and filed in the United States District Court for the Eastern District of Louisiana on March 22, 2007. Since the events complained of occurred within the Western District, the Eastern District ordered the complaint transferred to this court.

For the following reasons it is recommended that plaintiff's complaint and his request for injunctive relief be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Petitioner was an inmate in the custody of the LDOC; he was transferred to MPDC sometime in late August 2006.  In October 2006, he was housed in a 3000 square foot dormitory. The dormitory lacked an exhaust vent and its two windows could not be opened.  According to plaintiff, the only ventilation was provided by the air conditioner.  As a result, moisture collected in the dormitory causing a foul odor and an accumulation of mildew and mold.  In addition, 90% of the inmates who occupied the dorm were smokers. Plaintiff, a non-smoker, was exposed to their second-hand tobacco smoke from October 2006 when he entered the dorm until February 11, 2007, when smoking was prohibited in the dorm.[2]

Plaintiff also complained about the manner in which food was served.  According to an amended complaint, inmate meals were prepared in a kitchen located in another building nearby then transported to another kitchen closer to his dorm where the food was placed on trays and then transported uncovered to the dormitory where the meals were served. As a result, the food was cold when served.

### *Law and Analysis*

**1. Initial Review**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of

---

[2] See doc. 1-1, p. 8, wherein plaintiff noted, "Also as Complaint they have extended the smoking date until February 11, 2007. Yet I still have to breathe this smoke."

process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint [doc. 1-1] and his amended complaint [doc. 8] provide sufficient information to complete an initial review. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

## 2. Claims for Injunctive Relief

As shown above, plaintiff's complaints seek only injunctive relief – "I'm seeking medical treatment to be examined at Morehouse Parish Sheriff Office exposure from the cigarette smoke and the unsanitized conditions of this building. Plus for the suffering pain that these conditions have given me..." In other words, plaintiff asks that the defendants be ordered to pay for a medical examination and treatment for any physical ailments he suffered as a result of his exposure to unsanitary conditions, second-hand tobacco smoke, and cold food.

Of course, prisoners have a constitutional right not to be involuntarily exposed to "unreasonably high levels" of environmental tobacco smoke or other toxins. *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In those cases where a prisoner has not yet suffered any harm from such exposure, he may be granted injunctive relief prohibiting further exposure if he can show that such exposure poses an unreasonable risk of serious damage to his future health. *id.*

Nevertheless, plaintiff's request for injunctive relief fails for several reasons. First, although plaintiff has alleged exposure to smoke, mold, and mildew during his brief incarceration at MPDC, the Constitution does not protect against all such exposure. Only involuntary exposure to "unreasonably high levels" of environmental toxins is unconstitutional. Plaintiff has made no allegation that his exposure rose to that level. In fact, based on his

4

complaint, it appears that he was exposed to the cigarette smoke in his dorm from sometime in October to sometime in mid-February. He was exposed to the mold and mildew from October until his release in May. Nevertheless, plaintiff has not alleged any physical harm resulting from the exposure. Clearly, he has failed to state a constitutional claim. *Harris v. Ashby*, 45 Fed. Appx. 325, 2002 WL 1899583, at *2 (5th Cir. July 8, 2002); see also *Harrison v. Smith*, 83 Fed. App'x 630, 631 (5th Cir.2003); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001).

Second, and more importantly, plaintiff is no longer incarcerated. Therefore, any request for injunctive relief with respect to this claim would be moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001). Again, plaintiff has not alleged that he suffered any physical injury as a result of his incarceration at MPDC. He apparently wants a medical examination to determine whether he was harmed as a result of his exposure to mold, mildew, and cigarette smoke. Plaintiff has been released from LDOC custody and is now able to obtain a physical examination by a physician of his own choice. Should the examination reveal serious injury caused by the alleged exposure, plaintiff may pursue such legal remedies as are deemed appropriate. He is not, however, entitled to an order directing the defendants to provide such an examination.

Plaintiff's claims are frivolous and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 22nd day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE